IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAVID C. GOTTSCHALK,
and all others similarly situated,

    Plaintiffs,

v.

TEAMONE LOGISTICS, LLC, and
DWAYNE P. DAILEY,

    Defendants
_____/

C.A. No.:   4:18-cv-3293
**COLLECTIVE ACTION**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID C. GOTTSCHALK (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, hereby sues Defendant, TEAMONE LOGISTICS, LLC, and DWAYNE P. DAILEY (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is a collective action by Plaintiff, and others similarly situated, against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

### JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, TEAMONE LOGISTICS, LLC, has offices Brazos County, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Brazos County, Texas.

5. Plaintiff, DAVID C. GOTTSCHALK, was employed by Defendants from November 13, 2017, to June 23, 2018, as a "Driver." Plaintiff's principle duties were to haul fracking sand for oil and gas customers located solely within the State of Texas.

6. Defendant, TEAMONE LOGISTICS, LLC, is a corporation existing under the laws of the State of Louisiana and maintains offices in Bryan, Texas.

7. Defendant, TEAMONE LOGISTICS, LLC, operates a company that primarily operates a logistics and trucking business and is an employer as defined by 29 U.S.C. § 203(d).

8. DWAYNE P. DAILEY, is an individual residing in Lafayette, Louisiana.

9. Defendant, DWAYNE P. DAILEY, is an individual who at all times

relevant to this matter acted directly or indirectly in the interest of Defendant, TEAMONE LOGISTICS, LLC, in relationship to Plaintiff, and others similarly situated; therefore, are joint employers as defined by 29 U.S.C. § 203(d).

10.     Defendant, DWAYNE P. DAILEY, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.  Therefore, is a statutory employer under the FLSA.

11.     Defendant, TEAMONE LOGISTICS, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12.     At all times material to this complaint, Defendant, TEAMONE LOGISTICS, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13.     At all times material to this complaint, Defendant, TEAMONE LOGISTICS, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14.     At all times material to this Complaint, Defendants were the employers of the Plaintiff, and others similarly situated, and, as a matter of economic reality, Plaintiff was dependent upon Defendants for their employment.

15. Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendants' business activities. Specifically, Plaintiff, and others similarly situated, performed work relating to the production of oil and gas products for interstate commerce.

16. Plaintiff has retained the law firm of Ross Law, P.C., to represent him in this action and has agreed to pay said firm a reasonable attorney's fee for its services. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

17. Plaintiff and others similarly situated, 1) hauled fracking sand solely within the State of Texas; 2) occupied positions assigned to a dedicated route at Defendants' Bryan, Texas, terminal; 3) did not hold positions considered as exempt

under the FLSA; and, 4) were paid on a salary basis.

18. All of the materials and goods hauled by Plaintiff and others similarly situated originated within the state of Texas either because they were quarried within the state of Texas or because they had come to rest in the state of Texas at the business locations where Plaintiffs picked up their loads.

19. Defendants advertised the job positions that Plaintiff and others similarly situated held as local only positions with duties that would be limited to carrying intrastate loads and they would not be required to leave or travel outside of the state of Texas.

20. During their interview for the job, Defendant informed Plaintiff and several of the opt-in claimants that they would only be performing jobs requiring travel within the state of Texas.

21. Defendants utilized local-only driving as an incentive when hiring the Plaintiff and others similarly situated.

22. None of the Plaintiffs had an understanding that they would be called upon to travel outside of the state of Texas while performing duties for Defendants.

23. Plaintiff and others similarly situated were never informed by Defendants that their driving duties might subject them to interstate travel.

24. Defendants have a separate and distinct division having separate and distinct drivers hauling fracking sand within the state of Texas.

25. Plaintiff and others similarly situated always drove the same or similar type of truck and were always assigned jobs requiring travel solely within the state of Texas.

26. Plaintiff and others similarly situated never hauled anything but fracking sand that originated within the state of Texas either because they were quarried within the state of Texas or because they had come to rest in the state of Texas at the business locations where the picked up their loads.

27. The locations to which Plaintiff and others similarly situated delivered the goods and materials they hauled were all within the state of Texas.

28. Throughout the employment of Plaintiff and others similarly situated, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

29. Specifically, Plaintiff, and all others similarly situated, were never paid any overtime for the work in excess of 40 hours in a workweek.

30. The work schedules for the Plaintiff, and all others similarly situated, required them to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

31. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

==ALL CURRENT OR FORMER EMPLOYEES OF TEAMONE LOGISTICS, LLC WHO WERE EMPLOYED AS DRIVERS AT TEAMONE LOGISTICS, LLC's BRYAN, TEXAS, TERMINAL AND WERE NOT PROPERLY COMPENSATED FOR ALL OVERTIME HOURS WORKED.==

32. This action is properly brought as a collective action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of Defendants, are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

   e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

   f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

   g. Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a

whole.

33. For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

34. In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendants.

35. Defendants' policy of not properly paying overtime is company-wide and "Drivers," throughout the State of Texas, employed by Defendants during the three years prior to the filing of this action have been deprived of overtime, similarly to the Plaintiff.

36. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

37. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

38. Defendants failed to act reasonably to comply with the FLSA, and so

Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

39. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

40. As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

41. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, DAVID C. GOTTSCHALK, and all others similarly situated, demand Judgment against Defendants, jointly and severally, for the following:

   a. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

   b. Ordering prompt notice of this litigation to all potential Class Members;

   c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d.  Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e.  Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f.  Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g.  Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff, DAVID C. GOTTSCHALK, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this September 14, 2018.

> **ROSS LAW GROUP**
> 1104 San Antonio Street
> Austin, Texas 78701
> (512) 474-7677 Telephone
> (512) 474-5306 Facsimile
> Charles@rosslawpc.com
>
> _/s/ Charles L. Scalise_
> _____
> **CHARLES L. SCALISE**
> Texas Bar No. 24064621
> **DANIEL B. ROSS**
> Texas Bar No. 789810
> **ATTORNEYS FOR PLAINTIFF**